UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| v. | § § | CASE NO. SA-22-CR-126-XR |
| EDUARDO PUENTE, | § § § | |
| *Defendant.* | § | |

# ORDER

Upon the motion of the defendant for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a) as applicable here, Defendant's motion is **DENIED**.

Defendant pled guilty to Counts Two, Three and Four of an Indictment, which charged him with Possession with Intent to Distribute 50 grams or more of Methamphetamine, in violation of 2l U.S.C. §§ 841 (a)(1), 84l (b)(1)(A) and Possession with Intent to Distribute 1 kilogram or more of Heroin, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A), and Possession of Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c).  His Presentence Report calculated the advisory guideline range in his case at 210-262 months on counts 2 and 3, with a mandatory consecutive sentence of 5 years on the felon in possession count.  The Court sentenced the Defendant to 168 months on counts Two and Three to run concurrently and 5 years on count Four to run consecutive to counts Two and Three.  He did not appeal the sentence.

In March 2023, he filed a motion to reduce sentence, which the court denied because he was not eligible under Parts A and B of Amendment 821.  ECF No. 54.

In this latest motion, Defendant appears to argue that his plea agreement was made under duress, the felon in possession count "is a thorn in my case," is a "severity that does not exist," and that he was not involved in "violence." He then also appears to cite U.S.S.G. § 5G1.2(d) for the proposition that courts should not impose consecutive sentences and that the felon in possession count should have been concurrent to the other counts. He then appears to object to how his criminal history was calculated.

The Government opposes Defendant's motion on three grounds. First, Defendant has failed to show the sort of extraordinary and compelling reasons that would warrant a reduction. Second, Defendant has failed to show he is not a danger to any other person or the community. Third, Defendant has failed to show that the statutory sentencing factors outlined in 18 U.S.C. § 3553(a) would support a reduced prison term. The Court agrees.

First, the felon in possession count, 18 U.S.C. § 924(c) requires that a consecutive sentence be imposed. This statute passed by Congress overrides any sentencing guideline provisions Defendant relies upon. Secondly, any argument that his Presentence Report was wrong is incorrect and he was sentenced under what he pled guilty to in his plea agreement (including drug amounts). Third, any conclusory objections now that his plea agreement was coerced fails. He voluntarily pled guilty under oath, knowingly acknowledged his guilt, and represented that his plea was made freely and voluntarily.

Nor has Defendant shown compelling or extraordinary reasons for a sentence reduction and the § 3553(a) factors do not support an early release. Defendant participated in a large-scale operation to distribute drugs and fled from officers when intercepted by law enforcement officers, tossing a Ruger .357 in the process. Many other weapons were found at the stash house where large amounts of drugs were kept.

Otherwise, Defendant has only completed a fraction of his sentence—around 30 months. He advances no arguments that medical conditions, age, or family circumstances should be considered. He makes no claim of rehabilitation in prison. The nature and circumstances of Defendant's offense and his history and characteristics do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. In addition, no sentence reduction is necessary to provide Defendant with needed medical care. See 18 U.S.C. § 3553(a).

For the foregoing reasons, Defendant's Motion under Section 3582 For Reduction (ECF No. 55) is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 24th day of October, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE